ALBERT E. RADEMACHER

v.

ISABELITA RADEMACHER.

[Decided July 25th, 1908.]

Where a husband employs persons to procure evidence of his wife's adultery on which to obtain a divorce, and such persons set about to procure the defilement of the wife, and by the intervention of such persons the wife is purposely induced to commit adultery, the husband has no remedy, though it is proved that he had not given any distinct orders to such persons to so act.

On bill for divorce.

*Mr. Henry H. Dawson,* for the complainant.

*Mr. Rudolph A. Braun,* for the defendant.

STEVENS, V. C.

There are two charges in this case; one of incest committed by Mrs. Rademacher with her son in July, 1907, at Irvington, and the other of adultery committed in October, 1907, at Hoboken.

As to the *first,* it is admitted that on two successive nights the defendant slept with her son. They were found by the complainant and two constables in the same bed together, asleep. The defendant's explanation is that the complainant, her fourth husband, to whom she had recently been married, had made threats that he would strangle her, and she took her son—seventeen years old—into bed with her for protection. She and the son both deny having had sexual intercourse. The crime alleged is so serious and so revolting that it is hard to believe the mother would have been guilty of it. I am disposed to give her the benefit of the doubt, and more especially as the bearing of the son on the witness-stand was in his favor.

As to the *second,* the defendant's explanations do not seem very satisfactory. But it is perfectly plain that if the adultery was committed she was entrapped into committing it by the employes of the Gregory Detective Agency, employed by complainant for the purpose of getting evidence. One of these employes, a woman by the name of Frances Morrell, went to the house of defendant and engaged board there, ostensibly as a boarder. After she had been there a few days she invited defendant to go to New York, where they met two men, also provided by the agency, while other members of the agency followed and watched their movements. Frances, the defendant and the two men went first to a matinee, then to a drinking place, then to a restaurant and finally to a hotel in Hoboken, where the watchers broke into the bedroom in which defendant and her male companion were found in bed together.

While this outrageous performance does not appear to have been authorized by complainant himself, it was conducted in his interest by his agent, and I do not think he is in a position to take advantage of a situation brought about by that agent's acts. I think the proper rule is laid down by Lord Penzance in the following passage: "In my opinion, if a husband employs a man to get evidence of adultery upon which to obtain a divorce and the man so employed sets about to procure the defilement of the wife, and by the intervention of that man the wife is purposely induced to commit adultery, the petitioner has no right to a remedy in this court for such adultery, and I further think that the husband would have no right to a remedy, even if it were proved that he had not given any distinct orders for the purpose. * * * I decide the case on the broader ground that the petitioner cannot obtain the benefit of redress in this court for an act of adultery brought about by his own agent." *Gower* v. *Gower, L. R. 2 Pr. & Div. 428.*

The bill should be dismissed.